# HEARST

October 11, 2017

**VIA ECF**

Honorable James L. Cott
United States Magistrate Judge
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007
CottNYSDChambers@nysd.uscourts.gov

**Jonathan R. Donnellan**
Deputy General Counsel

**Office of General Counsel**

Eve Burton
**Senior Vice President General Counsel**

Catherine A. Bostron
**Corporate Secretary**

Jonathan R. Donnellan
Mark C. Redman
**Vice President Deputy General Counsel**

Kristina E. Findikyan
Kenan J. Packman
Maureen Walsh Sheehan
Ravi V. Sitwala
Jack Spizz
Debra S. Weaver
**Senior Counsel**

Sultan Barazi
Liddy Barrow*
Jennifer D. Bishop
Lisa Bozman
Marianne W. Chow
Andrea Chui
Adam Colón
Travis P. Davis
Ignacio Diaz*
Carolene S. Eaddy
Carl G. Guida
Haifeng Han*
Audra B. Hart
Diego Ibargüen
Monika Jedrzejowska
Siu Y. Lin
Miyuki Matsumoro
Kate Mayer
Aimee Nisbet*
Shira R. Saiger
Eva M. Saketkoo
Evan Saucier
Jennifer Schanes
Aryn Sobo
Jennifer G. Tancredi
Frederica Tigani*
Kitty Yang*
Stephen H. Yuhan
**Counsel**

*Not admitted or resident in New York

Re: *Edwards v. Hearst Communications, Inc.*, 15 Civ. 09279 (AT) (JLC) (consolidated with 15 Civ. 3934 (AT) (JLC))
<u>Request for Conference Concerning Discovery Dispute</u>

Dear Judge Cott:

  This office represents Defendant Hearst Communications, Inc. ("Hearst"). Pursuant to Rule II.B.1 of Your Honor's Individual Practices, Local Civil Rule 37.2, and Rules 26, 30, 34, 37, and 45 of the Federal Rules of Civil Procedure, Hearst respectfully submits this letter motion to request a conference with the Court, or in the alternative, for leave to file a motion for a protective order.

  We seek Your Honor's guidance with respect to overbroad Phase II classwide discovery that was propounded by Plaintiff on Hearst, as well as on six third parties, shortly after Judge Torres issued an opinion and order granting in part and denying in part both parties' motions for summary judgment on Plaintiff's individual claims. *Boelter v. Hearst Commc'ns, Inc.*, Nos. 15-cv-3934; 15-cv-9279, 2017 WL 3994934 (S.D.N.Y. Sept. 7, 2017). That discovery, which seeks information relating to Hearst's magazine subscribers, is irrelevant and disproportionate under Fed. R. Civ. P. 26(b) in at least two material respects that present significant burden, expense, and inefficiency not just to Hearst directly, but more pressingly, to the six third party companies who were issued Rule 45 subpoenas for documents and depositions by Plaintiff that are returnable this month in various district courts across the nation. Hearst understands that several of these third parties have already made efforts to object to the subpoenas, and may be required to move to quash the subpoenas in the courts in which the subpoenas are returnable as early as this week. Hearst respectfully submits that guidance from Your Honor on the propriety of this class discovery would reduce expenditure of considerable resources by these third parties and by the various district courts who will otherwise be forced to decide these issues in connection with the issued subpoenas, and will mitigate the likelihood of inconsistent determinations on the appropriate scope of discovery across these courts.

  Plaintiff's demands exceed the bounds of Rule 26(b) in two critical respects. ***First***, Plaintiff seeks class discovery of Hearst, its database manager Acxiom, and from two third parties—Company 1 and Company 2—related to transmissions of magazine subscriber information from Hearst to Companies 1

300 West 57th Street
New York, NY 10019
T 212.649.2051
F 646.280.2051
jdonnellan@hearst.com

and 2. But Judge Torres granted summary judgment for Hearst with respect to transmissions to these entities. Therefore, Plaintiff's propounded class discovery on Company 1 and Company 2, as well as discovery propounded on Hearst and Acxiom seeking classwide information concerning Hearst's transmission of data to these companies—is irrelevant to Plaintiff's surviving class claims and disproportionate to the needs of the case, and should not be permitted. ***Second***, Plaintiff seeks class discovery of Hearst and the third parties relating to "any transmission of Hearst subscriber data" from December 2009 to July 2016. Strikingly, these requests are not limited to Michigan resident subscribers to Hearst magazines—the only magazine subscribers who could be in Plaintiff's purported class, and the only subscribers who could have a claim under Michigan law—but seek information about Hearst subscribers *nationwide*. There is no plausible relevancy or proportionality basis for Plaintiff's request for nationwide class discovery, and compliance with such broad requests would present substantial burden and expense on Hearst and the third parties in contravention of Rule 26(b).

At Defendant's request, on October 10, 2017, the parties met and conferred in a good faith effort to resolve these issues regarding the scope of Plaintiff's propounded class discovery without necessitating court involvement. The conference began at approximately 11 a.m. ET and ended at approximately 11:30 a.m., and included attorneys Kristina Findikyan and Stephen Yuhan for Hearst, and Joseph Marchese and Scott Bursor for Plaintiff. During that telephonic conference, Plaintiff took the position that (1) Phase II discovery from and about Companies 1 and 2 was appropriate in light of Plaintiff's Motion for Reconsideration as to these two entities, and was otherwise appropriate in light of Plaintiff's general allegations about data transmissions for all Hearst Michigan magazine subscribers, and (2) because transmissions of Hearst subscriber information did not segregate Michigan subscriber files from non-Michigan subscribers, nationwide discovery was appropriate on Hearst and the third parties. On each of these two issues, Hearst informed Plaintiff that it believed the parties were at an impasse as to the proper scope of discovery under Rule 26(b) and that Hearst intended to seek relief from the Court.

## I.     Procedural Background

In a Memorandum and Order dated September 7, 2017 (the "Summary Judgment Order," ECF No. 196[1]), Judge Torres granted in part and denied in part portions of both parties' Motions for Summary Judgment concerning Plaintiff Josephine Edwards' individual claims. Specifically, Hearst was granted summary judgment with respect to claims based on transmission of Plaintiff's subscriber data by Hearst to Acxiom, "Company 1," and "Company 2". *See* Summary Judgment Order at 42-44, 46-48, and 49-50. Plaintiff was granted summary judgment with respect to her claims based on transmission of her subscriber data by Hearst to Experian and "Company 3". *Id.* at 44-45; 52-55. The Court found that there was a triable issue of fact as to alleged transmissions of Plaintiff's subscriber data to Dunn Data, and denied both parties' motions with respect to that entity. *Id.* at 51-52. Both parties have submitted Motions for Reconsideration of the Summary Judgment Order, which will be fully briefed by October 12. *See* ECF Nos. 198 & 199; 201 & 202; 205; 207.

As you may recall, pursuant to the August 18, 2016 Case Management Plan and Scheduling Order (the "Scheduling Order," ECF No. 96), discovery was bifurcated into Phase I (limited "to the claims of the individually named Plaintiff[]") and Phase II (concerning "the

---

[1] All docket citations herein are to the lead case in these consolidated actions, *Boelter v. Hearst Communications., Inc.*, 15-cv-3934-AT-JLC (S.D.N.Y.), unless otherwise indicated.

claims of the putative class"). Scheduling Order ¶ 5. The reason was to promote efficiency and conserve judicial and party resources in determining the proper scope of Plaintiff's individual claims before class discovery commenced. *Id.* Phase I discovery was completed on November 18, 2016.[2] ECF No. 119. Thereafter, Phase II discovery was stayed pending submission of, and determination on, the parties' respective summary judgment motions. *See* ECF Nos. 92 & 131 in 15-cv-9279. Now that Judge Torres has issued the Summary Judgment Order, Phase II classwide discovery has begun, and Judge Torres has ordered it completed by January 12, 2018. *See* Order dated October 3, 2017 (ECF No. 204).

On September 14, Plaintiff served Requests for Production concerning class claims on Defendant, *see* Plaintiff's Third Set of Requests for Production of Documents (attached as Exhibit A). On or about September 14, Plaintiff also issued Rule 45 subpoenas for classwide deposition testimony and extensive document and ESI discovery on six of Hearst's third-party business partners. *See* Exhibit B (subpoenas to Acxiom); Exhibit C (Experian); Exhibit D (Dunn Data); Exhibit E (Company 1); Exhibit F (Company 2); Exhibit G (Company 3). Because the subpoenas requesting documents were returnable earlier this month, Hearst understands that several of the third parties have already issued written objections, and may move to quash the subpoenas in the immediate future, in the various district courts across the nation in which the subpoenas are returnable (including district courts in Arkansas, California, Texas, and Colorado).

## II. Argument

The 2015 amendments to the Federal Rules of Civil Procedure only allow discovery that is both "***relevant to any party's claim or defense*** and ***proportional to the needs of the case*** . . . ." Fed. R. Civ. P. 26(b) (emphasis added). Under amended Rule 26(b), relevancy "is still to be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on' any party's claim or defense." *State Farm Mut. Auto. Ins. Co. v. Fayda*, No. 14-cv-9792, 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015) (citation omitted). The same amended rule, however, "is [also] intended to 'encourage judges to be more aggressive in identifying and discouraging discovery overuse' by emphasizing the need to analyze proportionality before ordering production of relevant information." *Henry v. Morgan's Hotel Grp., Inc.*, No. 15-cv-1789-ER-JLC, 2016 WL 303114, at *3 (S.D.N.Y. Jan. 25, 2016) (citations omitted).

Even if a topic of discovery is permissible under Rule 26(b)'s relevancy and proportionality test, Rule 26(c)(1) permits federal courts, upon a movant's showing of good cause, to issue protective orders "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters," *id.*, if necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 186 (S.D.N.Y. 2014) (quoting Fed. R. Civ. P. 26(c)(1)) ("Rule 26(c) 'confers broad powers upon the court to limit or prevent discovery even though the information sought is relevant and within the scope of Rule 26(b).'" (quoting *Coyne v. Houss*, 584 F. Supp. 1105, 1109 (E.D.N.Y. 1984)). The grant or denial of a protective order "lies within the sound discretion of the district court," *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Trust Co.*, No. 14-cv-04394-AJN-BCM, 2016 WL 4613390, at *7 (S.D.N.Y. Aug. 31, 2016) (citation omitted).

---

[2] With the exception of third party discovery on Dunn Data, which was completed in subsequent weeks.

Hearst respectfully submits that as to the two identified scope issues, Plaintiff's propounded classwide discovery is not relevant to any party's claims or defenses and thus is not within the appropriate limits of Rule 26(b) and is inconsistent with the purposes of phasing discovery in the first place, *e.g.*, to limit the classwide discovery to remaining claims. But even if a modicum of relevancy could be teased from these topics, discovery thereon would be disproportionate to the needs of the case and would present significant burden and cost to Hearst and to the third parties above-and-beyond the burdens and expense of the legitimate class discovery already underway in this matter.

> A. **Discovery with Respect to Company 1 and Company 2 is Improper as Against Them Directly, and as Against Hearst and Its Database Manager Acxiom**

In the Phase II class discovery propounded on Hearst, see Ex. A at RFP 32, its database manager Acxiom, see Ex. B at RFP 1, and on Companies 1 and 2, see Exs. E & F, Plaintiff is seeking "[a]ll documents and electronically stored information (ESI) concerning any transmission of Hearst subscriber data from December 20, 2009 through July 31, 2016." Remarkably, these requests are not limited to coincide with the Court's Summary Judgment Order, but rather—as confirmed by Plaintiff's counsel—are intended to encompass alleged transmissions of subscriber data from Hearst to Companies 1 and 2. This is fundamentally inconsistent with Judge Torres' summary judgment ruling. In that ruling, Judge Torres directly addressed the merits of Plaintiff's individual claims after Phase I discovery, *rejected* Plaintiff's argument that she had established an actionable claim for alleged transmissions to these two entities, and granted summary judgment in Hearst's favor. *See* Summary Judgment Order at 46-48 (Company 1), and 49-50 (Company 2). Plaintiff cannot pursue class claims with respect to entities where the Court has concluded that she has no individual claims, and granted summary judgment against her. Phase II discovery should be limited to discovery on class issues relating to claims that survived Phase I.

More specifically, Phase II discovery should be limited to those claims upon which Plaintiff has won judgment (Experian and Company 3) or has otherwise been permitted to proceed to trial (Dunn Data), subject, of course, to Plaintiff's ability to meet Fed. R. Civ. P. 23's requirements when she moves for class certification. *See, e.g., Amgen, Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 465-67 (2013); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 163 (2d Cir. 2012) (recognizing that plaintiff would not have class standing where alleged injuries "could turn on very different proof"). At trial, Plaintiff will only be able to represent a class if she can prove injury by common proof. *See, e.g., Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1053 (2016) (Thomas, J., dissenting) ("Our precedents generally prohibit plaintiffs from maintaining a class action when an important element of liability depends on facts that vary among individual class members."). The Court has already determined that Plaintiff cannot meet her burden of proof with respect to Company 1 and Company 2, so there will be no "common proof" to adduce at trial.

Because Plaintiff lacks standing to represent a class arising from alleged transmissions from Hearst to Companies 1 and 2 pursuant to the Summary Judgment Order, discovery on and about transmissions to Companies 1 and 2 are now irrelevant to Plaintiff's class claims, and not within even the broad calculation of Rule 26(b) relevancy. Moreover, this class discovery is disproportionate to the needs of this class action, which will already include broad class discovery on Hearst and its database manager, Acxiom, concerning transmissions of Michigan

resident subscriber data beginning in December 20, 2009, to Experian, Company 3, and Dunn Data.

### B. Discovery with Respect to Nationwide Magazine Subscribers is Improper

Plaintiff's class discovery requests to Hearst and the third parties seeking documents and ESI regarding "any transmission of Hearst subscriber data" from December 2009 to July 2016, *see* Ex. A at RFP No. 32, Exs. B-G at RFP No. 1, extend beyond transmission of data for Hearst's Michigan resident magazine subscribers, and contemplate the production of transmission information for subscribers *nationwide*. But Plaintiff's lawsuit seeks to certify a class of Michigan-resident magazine subscribers, *see* Consol. Complaint, ECF No. 67 ¶ 47 ("Plaintiffs seek to represent a class defined as all Michigan residents who had their Personal Reading Information disclosed to third parties by Hearst without consent"); *see also* Scheduling Order ¶ 5. Plaintiff has never suggested that any non-Michigan resident would have standing to bring a claim based on Michigan state's Video Rental Privacy Act, nor would she, and therefore, discovery related to non-Michigan resident magazine subscribers and transmissions is categorically irrelevant and improper. Plaintiff's argument during the parties' meet-and-confer that because Hearst did not segregate subscribers in transmissions, she should be permitted unlimited discovery is not persuasive; her counsel did not represent that the third parties would be unable to segregate responsive materials by state or otherwise. In fact, because of the enormous quantum of documents and ESI that would be required to comply with Plaintiff's nationwide requests—which magnify the onus of all the propounded discovery requests by roughly 50 times over the proper Michigan-based scope of discovery—these unlimited requests are disproportionate to the legitimate needs of this case. Because documents and ESI responsive to Plaintiff's requests would need to be produced by Hearst and by third parties to the extent they concern or relate to *both* Michigan and non-Michigan subscriber information, there is simply no credible basis for Plaintiff's desire to discover information from Hearst and the six third parties that does not relate to transmission of *Michigan* subscriber information whatsoever.

Accordingly, Hearst respectfully requests a conference with the Court, or in the alternative, leave to file a motion for a protective order.

Respectfully submitted,

/s/ Jonathan R. Donnellan
Jonathan R. Donnellan

cc: All Counsel of Record (by ECF)