# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPHINE JAMES EDWARDS, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>HEARST COMMUNICATIONS, INC.,<br><br>  Defendant. | Civil Action No. 15-cv-09279-AT-JLC<br><br>**PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Josephine James Edwards requests that Defendant Hearst Communications, Inc. ("Hearst") respond to the following Requests For Production Of Documents within thirty (30) days from receipt of service. The production shall occur at the offices of Bursor & Fisher, P.A., 888 Seventh Avenue, New York, NY 10019.

Production of electronically stored information should be in PDF format, and hardcopy documents should be scanned and produced as PDF images. Original document orientation shall be maintained (*i.e.*, portrait to portrait and landscape to landscape). All documents must be searchable through Optical Character Recognition ("OCR"). When subjecting documents to an OCR process, the settings of the OCR software shall maximize text quality over process speed. Any settings such as "auto-skewing," "auto-rotation," and the like should be turned on when documents are run through the process.

All documents must be assigned a Bates/control number that shall always: (1) be unique across the entire document production, (2) maintain a constant length (zero/0-padded) across the entire production, (3) contain no special characters or embedded spaces, and (4) be sequential

within a given document.  If a Bates number or set of Bates numbers is skipped in a production, the producing party will disclose the Bates numbers or ranges in a cover letter accompanying the production.

## DEFINITIONS

The following definitions and instructions are incorporated by reference whenever applicable in this document:

1.   "Hearst" refers to Hearst Communications, Inc. and all of its affiliates, subsidiaries, predecessor and successor entities, together with all of its officers, agents, employees, directors, representatives, successors and assigns.

2.   Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition except where such words have a specific custom and usage definition in a particular trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which Hearst is aware.

## DOCUMENTS TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 32:**

All documents and electronically stored information (ESI) concerning any transmission of Hearst subscriber data from December 20, 2009 through July 31, 2016.

By way of example, this Request No. 1 seeks documents and ESI including but not limited to (a) all extract rules and/or SQL queries concerning such transmissions, (b) all correspondence concerning such transmissions, including but not limited to messages confirming the uploads or downloads of such transmissions, (c) all FTP logs for FTP sites through which such transmissions were made, (d) all data files that were uploaded, downloaded, transmitted or

received, (e) all meta-data related to such documents and ESI, and (f) any other documents or ESI concerning the transmission of Hearst subscriber data.

**REQUEST FOR PRODUCTION NO. 33:**

All documents concerning any payment or exchange of anything of value related to the transmission of Hearst subscriber data from December 20, 2009 through July 31, 2016.

**REQUEST FOR PRODUCTION NO. 34:**

All documents concerning your policies, procedures or practices for retention or destruction of documents or ESI in effect at any time from December 20, 2009 through July 31, 2016.

**REQUEST FOR PRODUCTION NO. 35:**

For each Michigan subscription, documents sufficient to show whether that subscription was or was not a gift or free subscription, including but not limited to the data table mt_mag_ord for every Michigan subscription in the Hearst subscriber database from December 20, 2009 through July 31, 2016.

**REQUEST FOR PRODUCTION NO. 36:**

All documents concerning any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to all documents concerning communications with such insurance business concerning coverage.

**REQUEST FOR PRODUCTION NO. 37:**

All documents evidencing the written permission of a Michigan subscriber for the disclosure of subscriber data.

Dated:  September 14, 2017                                Respectfully submitted,

By:     /s/ Scott A. Bursor
            Scott A. Bursor

**BURSOR & FISHER, P.A.**
Scott A. Bursor
Joseph I. Marchese
Philip L. Fraietta
888 Seventh Avenue
New York, NY 10019
Telephone:  (212) 989-9113
Facsimile:  (212) 989-9163
Email:  scott@bursor.com
            jmarchese@bursor.com
            pfraietta@bursor.com

**CAREY RODRIGUEZ**
**MILIAN GONYA, LLP**
John C. Carey
David P. Milian*
Frank S. Hedin*
1395 Brickell Avenue, Suite 700
Miami, FL 33131
Telephone: (305) 372-7474
Facsimile:  (305) 372-7475
E-Mail: jcarey@careyrodriguez.com
dmilian@careyrodriguez.com
fhedin@careyrodriguez.com
*Pro Hac Vice Application Forthcoming

*Attorneys for Plaintiff And The Putative Class*

4

**CERTIFICATE OF SERVICE**

I, Philip L. Fraietta, hereby certify that on this 14th day of September 2017, I caused true and correct copies of the foregoing PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS to be served upon all defense counsel of record via electronic mail.

*/s/ Philip L. Fraietta*
Philip L. Fraietta