EXHIBIT A

| | |
|---|---|
| JOSEPHINE JAMES EDWARDS, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br> v.<br><br>HEARST COMMUNICATIONS, INC.,<br><br>       Defendant. | Civil Action No. 15-cv-09279-AT-JLC |

## CLASS ACTION SETTLEMENT AGREEMENT

This Agreement ("Agreement" or "Settlement Agreement") is entered into by and among (i) Plaintiff, Josephine James Edwards ("Plaintiff"); (ii) the Settlement Class (as defined herein); and (iii) Defendant, Hearst Communications, Inc. ("Defendant" or "Hearst"). The Settlement Class and Plaintiff are collectively referred to as the "Plaintiffs" unless otherwise noted. The Plaintiff and the Defendant are collectively referred to herein as the "Parties." This Agreement is intended by the Parties to fully, finally and forever resolve, discharge, and settle the Released Claims (as defined herein), upon and subject to the terms and conditions of this Agreement, and subject to the final approval of the Court.

## RECITALS

A.  On May 21, 2015, Suzanne Boelter filed a putative class action in the United States District Court for the Southern District of New York. *See Boelter v. Hearst Communications, Inc.*, Case No. 15-cv-03934-AT-JLC (S.D.N.Y.). The material allegations of the complaint centered on Defendant's alleged disclosure of its customers' personal information and magazine choices to third parties, which Plaintiff claims is without permission and in

violation of Michigan's Preservation of Personal Privacy Act, M.C.L. §§ 445.1711-15 ("VRPA") and allegedly resulting in the unjust enrichment of Defendant. (*Boelter*, Dkt. 1.)

B.      In response to the complaint, on July 13, 2015, Defendant filed a letter requesting a premotion conference on a motion to dismiss under Rules 12(b)(1) and 12(b)(6), arguing, *inter alia*, that Plaintiff lacked Article III standing and failed to state a claim upon which relief could be granted. (*Boelter*, Dkt. 11). The Court subsequently granted Defendant permission to file its motion, and Defendant did so on August 17, 2015. (*Boelter*, Dkt. 17). On September 14, 2015, Ms. Boelter filed her opposition brief. (*Boelter*, Dkt. 28). On October 2, 2015, Defendant filed its reply brief. (*Boelter*, Dkt. 32).

C.      On November 24, 2015, Plaintiff filed this putative class action in the United States District Court for the Southern District of New York. The material allegations of the complaint center on Defendant's alleged disclosure of its customers' personal information and magazine choices to third parties, which Plaintiff claims is without permission and in violation of Michigan's Preservation of Personal Privacy Act, M.C.L. §§ 445.1711-15 ("VRPA") and allegedly resulting in the unjust enrichment of Defendant. (*Edwards*, Dkt. 1.)

D.      On February 8, 2016, the Court entered a Stipulation and Order to Consolidate *Boelter* and *Edwards*. (*Edwards*, Dkt. 13).

E.      On February 26, 2016, Plaintiff and Ms. Boelter filed a Consolidated Class Action Complaint. (*Boelter*, Dkt. 67; *see also Edwards* Dkt. 218).

F.      On March 11, 2016, the Parties refiled their briefing on Defendant's motion to dismiss under Rules 12(b)(1) and 12(b)(6). (*Edwards*, Dkt. 18).

G.      On May 17, 2016, the Court ordered the Parties to submit supplemental briefing concerning Defendant's motion to dismiss. (*Edwards*, Dkt. 21). On May 31, 2016, Defendant

submitted its supplemental brief. (*Edwards*, Dkt. 22). On June 14, 2016, Plaintiff and Ms. Boelter submitted their supplemental brief. (*Edwards*, Dkt. 24).

H.      On June 17, 2016, the Court issued an order denying Defendant's motion to dismiss. (*Edwards*, Dkt. 26).

I.      On August 9, 2016, the Court held an initial scheduling conference pursuant to Fed. R. Civ. P. 16 and entered a phased discovery schedule. (*Edwards*, Dkts. 39 & 40). Phase I discovery focused on the claims of the named Plaintiff and Ms. Boelter, while Phase II discovery focused on the claims of the putative class. *Id.*

J.      On October 17, 2016, the Parties entered into a stipulation of dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) voluntarily dismissing Ms. Boelter's individual claims with prejudice. (*Edwards*, Dkt. 67).

K.      After the completion of Phase I discovery, on April 3, 2017, Defendant filed a motion to dismiss and a motion for summary judgment. (*Edwards*, Dkt. 132). On May 1, 2017, Plaintiff filed an opposition to Defendant's motions (*Edwards*, Dkt. 146), as well as her own motion for partial summary judgment. (*Edwards*, Dkt. 140). On May 22, 2017, Defendant filed an opposition to Plaintiff's motion for partial summary judgment (*Edwards*, Dkt. 160), and a reply brief in support of its motions to dismiss and for summary judgment. (*Edwards*, Dkt. 165). On June 7, 2017, Plaintiff filed a reply brief in support of her motion for partial summary judgment. (*Edwards*, Dkt. 171).

L.      On September 7, 2017, the Court issued a Memorandum Order granting in part and denying in part both Parties' motions for summary judgment, and denying Defendant's motion to dismiss. (*Edwards*, Dkt. 182).

M.      The Parties then engaged in Phase II discovery, which they substantially completed on June 7, 2018.

N.     From the outset of the case, the Parties engaged in direct communications, and as part of their obligations under Fed. R. Civ. P. 26, discussed the prospect of resolution.  Those discussions eventually led to an agreement between the Parties to engage in mediation, which the Parties agreed would take place before former U.S. Magistrate Judge Frank Maas (of the U.S. District Court for the Southern District of New York), who is a neutral affiliated with JAMS New York.

O.     On March 12, 2018, the Parties participated in a mediation before Judge Maas at JAMS's offices in New York.  The mediation lasted approximately 3 hours.  While the Parties engaged in good faith negotiations, which at all times were at arms' length, they failed to reach an agreement.

P.     On June 11, 2018, the Parties participated in a mediation with Jay Cohen, Esq. at the New York offices of Pillsbury Winthrop Shaw Pittman, LLP.  The mediation lasted approximately 15 hours.  At the conclusion of the mediation the Parties reached agreement on all material terms of a class action settlement, and executed a term sheet.

Q.     At all times, Defendant has denied and continues to deny any wrongdoing whatsoever and has denied and continues to deny that it committed, or threatened or attempted to commit, any wrongful act or violation of law or duty alleged in the Action, and opposes certification of a litigation class.  Nonetheless, taking into account the uncertainty and risks inherent in any litigation, Defendant has concluded it is desirable and beneficial that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement.  This Agreement is a compromise, and the Agreement, any related documents, and any negotiations resulting in it shall not be construed as or deemed to be evidence of or an admission or concession of liability or wrongdoing on the part of Defendant, or

any of the Released Parties (defined below), with respect to any claim of any fault or liability or wrongdoing or damage whatsoever or with respect to the certifiability of a litigation class.

R.      Plaintiff believes that the claims asserted in the Action against Defendant have merit and that she would have prevailed at summary judgment and/or trial. Nonetheless, Plaintiff and Class Counsel recognize that Defendant has raised factual and legal defenses that present a risk that Plaintiff may not prevail. Plaintiff and Class Counsel also recognize the expense and delay associated with continued prosecution of the Action against Defendant through class certification, summary judgment, trial, and any subsequent appeals. Plaintiff and Class Counsel also have taken into account the uncertain outcome and risks of litigation, especially in complex class actions, as well as the difficulties inherent in such litigation. Therefore, Plaintiff believes it is desirable that the Released Claims be fully and finally compromised, settled, and resolved with prejudice. Based on its evaluation, Class Counsel has concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Action pursuant to the terms and provisions of this Agreement.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff, the Settlement Class, and each of them, and Defendant, by and through its undersigned counsel that, subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement, in consideration of the benefits flowing to the Parties from the Agreement set forth herein, that the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

**AGREEMENT**

**1.     DEFINITIONS.**

As used in this Settlement Agreement, the following terms have the meanings specified below:

**1.1     "Action"** means one or both of *Boelter v. Hearst Communications, Inc.*, Case No. 1: 15-cv-03934-AT-JLC and/or *Edwards v. Hearst Communications, Inc.*, Case No. 1:15-cv-09279-AT-JLC, pending in the United States District Court for the Southern District of New York.

**1.2     "Alternate Judgment"** means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Agreement and where none of the Parties elects to terminate this Settlement by reason of such variance.

**1.3     "Approved Claim"** means a Claim Form submitted by a Settlement Class Member that:  (a) is submitted timely and in accordance with the directions on the Claim Form and the provisions of the Settlement Agreement; (b) is fully and truthfully completed by a Settlement Class Member with all of the information requested in the Claim Form; (c) is signed by the Settlement Class Member, physically or electronically; and (d) is approved by the Settlement Administrator pursuant to the provisions of this Agreement.

**1.4     "Claim Form"** means the document substantially in the form attached hereto as Exhibit A, as approved by the Court.  The Claim Form, to be completed by Settlement Class Members who wish to file a Claim for a payment, shall be available in electronic and paper format in the manner described below.

**1.5     "Claims Deadline"** means the date by which all Claim Forms must be postmarked or received to be considered timely and shall be set as a date no later than forty-five

(45) days after entry of the Final Approval Hearing.  The Claims Deadline shall be clearly set forth in the Preliminary Approval Order as well as in the Notice and the Claim Form.

 **1.6** **"Class Counsel"** means Bursor & Fisher, P.A. and Carey Rodriguez Milian Gonya, LLP.

 **1.7** **"Class Representative"** means the named Plaintiff in this Action, Josephine James Edwards.

 **1.8** **"Court"** means the United States District Court for the Southern District of New York, the Honorable Analisa Torres presiding, or any judge who shall succeed her as the Judge in this Action.

 **1.9** **"Defendant"** means Hearst Communications, Inc.

 **1.10** **"Defendant's Counsel"** means Jonathan R. Donnellan, Kristina E. Findikyan, Stephen H. Yuhan, and Evan J. Saucier of The Hearst Corporation, Office of General Counsel, and Benjamin E. Marks and Eric S. Hochstadt of Weil, Gotshal & Manges, LLP.

 **1.11** **"Effective Date"** means the date ten (10) days after which all of the events and conditions specified in Paragraph 9.1 have been met and have occurred.

 **1.12** **"Escrow Account"** means the separate, interest-bearing escrow account to be established by the Settlement Administrator under terms acceptable to all Parties at a depository institution insured by the Federal Deposit Insurance Corporation.  The Settlement Fund shall be deposited by Defendant (or by Defendant's insurers on behalf of Defendant) into the Escrow Account in accordance with the terms of this Agreement and the money in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other:  (i) demand deposit accounts and/or (ii) time deposit accounts and certificates of deposit, in either case with maturities of forty-five (45) days or less.  The costs of establishing and maintaining the Escrow Account shall be paid from the Settlement Fund.

**1.13** "**Fee Award**" means the amount of attorneys' fees, costs, and expenses awarded by the Court to Class Counsel, which will be paid out of the Settlement Fund.

**1.14** "**Final**" means one business day following the latest of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment approving the Settlement Agreement; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or *certiorari*, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on *certiorari*.

**1.15** "**Final Approval Hearing**" means the hearing before the Court where the Parties will request the Final Judgment to be entered by the Court approving the Settlement Agreement, the Fee Award, and the incentive award to the Class Representative.

**1.16** "**Final Judgment**" means the Final Judgment and Order to be entered by the Court approving the Agreement after the Final Approval Hearing.

**1.17** "**Hearst Publication**" means a magazine or any other publication published by Defendant, one of its subsidiaries, predecessors or companies acquired by Hearst, or any publication acquired by Hearst, in the United States, including but not limited to any one of the following magazines or publications: *Country Living*, *Cosmopolitan*, *Elle Decor*, *Elle*, *Esquire*, *Food Network Magazine*, *Good Housekeeping*, *Harper's Bazaar*, *House Beautiful*, *Marie Claire*, *O, The Oprah Magazine*, *Popular Mechanics*, *Redbook*, *Road & Track*, *Seventeen*, *Town & Country*, *Veranda*, and *Woman's Day*.

**1.18** **"Michigan Subscriber Information"** means the combination of each of a Person's name, address in the State of Michigan and the title(s) and/or information derived solely from the title of a Hearst Publication.

**1.19** **"Notice"** means the notice of this proposed Class Action Settlement Agreement and Final Approval Hearing, which is to be sent to the Settlement Class substantially in the manner set forth in this Agreement, is consistent with the requirements of Due Process, Rule 23, and is substantially in the form of Exhibits B, C, and D hereto.

**1.20** **"Notice Date"** means the date by which the Notice set forth in Paragraph 4.1 is complete, which shall be no later than twenty-eight (28) days after Preliminary Approval.

**1.21** **"Objection/Exclusion Deadline"** means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a Person within the Settlement Class must be made, which shall be designated as a date no later than forty-five (45) days after the Notice Date and no sooner than fourteen (14) days after papers supporting the Fee Award are filed with the Court and posted to the settlement website listed in Paragraph 4.1(d), or such other date as ordered by the Court.

**1.22** **"Person"** shall mean, without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns. "Person" is not intended to include any governmental agencies or governmental actors, including, without limitation, any state Attorney General office.

**1.23** **"Plaintiffs"** means Josephine James Edwards and the Settlement Class Members.

**1.24** **"Preliminary Approval"** means the Court's certification of the Settlement Class for settlement purposes, preliminary approval of this Settlement Agreement, and approval of the form and manner of the Notice.

**1.25** **"Preliminary Approval Order"** means the order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, and directing notice thereof to the Settlement Class, which will be agreed upon by the Parties and submitted to the Court in conjunction with Plaintiffs' motion for preliminary approval of the Agreement.

**1.26** **"Released Claims"** means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations (including "Unknown Claims," as defined below), whether in law or in equity, accrued or un-accrued, direct, individual or representative, of every nature and description whatsoever, whether based on the VRPA or other state, federal, local, statutory or common law or any other law, rule or regulation, against the Released Parties, or any of them, arising out of any facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding the alleged disclosure of the Settlement Class Members' Michigan Subscriber Information, including but not limited to all claims that were brought or could have been brought in the Action relating to any and all Releasing Parties.

**1.27** **"Released Parties"** means Hearst Communications, Inc., as well as any and all of its respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, licensors, licensees, associates, affiliates, employers, agents, consultants, independent contractors, insurers (collectively "Affiliates"), including without limitation, for each Affiliate, its employees directors, managing directors, officers,

trustees, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

    **1.28** **"Releasing Parties"** means Plaintiffs, those Settlement Class Members who do not timely opt out of the Settlement Class, and all of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

    **1.29** **"Settlement Administration Expenses"** means the expenses incurred by the Settlement Administrator in providing Notice (including CAFA notice), processing claims, responding to inquiries from members of the Settlement Class, mailing checks for Approved Claims, and related services, paying taxes and tax expenses related to the Settlement Fund (including all federal, state or local taxes of any kind and interest or penalties thereon, as well as expenses incurred in connection with determining the amount of and paying any taxes owed and expenses related to any tax attorneys and accountants), as well as all expenses related to the resolution of any disputed claims by Jay Cohen, Esq. (as described below in paragraph 5.3), and all expenses, excluding the fees and expenses of Class Counsel and Defendant's Counsel, related to any work required by the Court to confirm that Notice is consistent with Due Process and Rule 23.

    **1.30** **"Settlement Administrator"** means JND Legal Administration, or such other reputable administration company that has been selected jointly by the Parties and approved by

the Court to perform the duties set forth in this Agreement, including but not limited to serving as Escrow Agent for the Settlement Fund, overseeing the distribution of Notice, as well as the processing and payment of Approved Claims to the Settlement Class as set forth in this Agreement, handing all approved payments out of the Settlement Fund, and handling the determination, payment and filing of forms related to all federal, state and/or local taxes of any kind (including any interest or penalties thereon) that may be owed on any income earned by the Settlement Fund.  Class Counsel's assent to this Agreement shall constitute consent on behalf of each and every member of the Settlement Class as defined herein to disclose all information required by the Settlement Administrator to perform the duties and functions ascribed to it herein, consistent with the written consent provisions of the VRPA.

      1.31    **"Settlement Class"** means all Persons with a Michigan street address at any time on or before July 30, 2016 who purchased and/or had a subscription to a Hearst Publication on or before July 30, 2016.  Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons.

      1.32    **"Settlement Class Member"** means a Person who falls within the definition of the Settlement Class as set forth above and who has not submitted a valid request for exclusion.

      1.33    **"Settlement Fund"** means the non-reversionary cash fund that shall be established by or on behalf of Defendant in the total amount of fifty million dollars ($50,000,000.00 USD) to be deposited into the Escrow Account, according to the schedule set

forth herein, plus all interest earned thereon. From the Settlement Fund, the Settlement Administrator shall pay all Approved Claims made by Settlement Class Members, Settlement Administration Expenses, any incentive award to the Class Representative, any Fee Award to Class Counsel, and any other costs, fees, or expenses approved by the Court. The Settlement Fund shall be kept in the Escrow Account with permissions granted to the Settlement Administrator to access said funds until such time as the listed payments are made. The Settlement Fund includes all interest that shall accrue on the sums deposited in the Escrow Account. The Settlement Administrator shall be responsible for all tax filings with respect to any earnings on the Settlement Fund and the payment of all taxes that may be due on such earnings. The Settlement Fund represents the total extent of Defendant's (inclusive of Defendant's insurers') monetary obligations under this Agreement. The payment of the Settlement Amount by, or on behalf of, Defendant and/or its insurers fully discharges the Defendant and the other Released Parties' financial obligations (if any) in connection with the Settlement, meaning that no Released Party shall have any other obligation to make any payment into the Escrow Account or to any Class Member, or any other Person, under this Agreement. In no event shall the total monetary obligation with respect to this Agreement on behalf of Defendant exceed fifty million dollars ($50,000,000.00).

      **1.34** **"Unknown Claims"** means claims that could have been raised in the Action and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him or her, might affect his or her agreement to release the Released Parties or the Released Claims or might affect his or her decision to agree, object or not to object to the Settlement. Upon the Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

2.     **SETTLEMENT RELIEF.**

2.1     **Payments to Settlement Class Members.**

(a)     Defendant shall pay or cause to be paid into the Escrow Account the amount of the Settlement Fund ($50,000,000.00), specified in Section 1.33 of this Agreement, within twenty-eight (28) business days after entry of the Preliminary Approval Order.

(b)     Settlement Class Members shall have until the Claims Deadline to submit an Approved Claim. Each Settlement Class Member with an Approved Claim shall be entitled to a *pro rata* portion of the Settlement Fund, calculated by the Settlement Administrator, by check after deducting all Settlement Administration Expenses, any Fee Award to Class Counsel, the Incentive Award to Plaintiff, and any other costs, fees or expenses approved by the Court. The intention of the parties is that the recovery for any individual class member will not exceed the amount allowed by law.

(c)     The Settlement Administrator shall pay from the Settlement Fund all Approved Claims by check with said checks being sent via first class U.S. mail to the Settlement Class Members who submitted all such Approved Claims.  Payments to all Settlement Class Members with Approved Claims shall be made within twenty-eight (28) days after Final Judgment.

(d)     All cash payments issued to Settlement Class Members via check will state on the face of the check that it will expire and become null and void unless cashed within one hundred eighty (180) days after the date of issuance.  To the extent that a check issued to a Settlement Class Member is not cashed within one hundred eighty (180) days after the date of issuance, such funds shall, subject to Court approval, revert to the Michigan Bar Foundation's Access to Justice Fund, a non-sectarian, not-for-profit organization. In no event shall any undistributed funds be paid back to Defendant.

3.     **RELEASE.**

3.1     The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties.

3.2     Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them.

4.     **NOTICE TO THE CLASS.**

4.1     The Notice Plan shall consist of the following:

(a)     *Settlement Class List*.  No later than twenty-eight (28) days after the execution of this Agreement, Defendant shall, to the best of its ability, produce an electronic list or lists from its available records that includes the names, last known U.S. Mail addresses, and email addresses, to the extent available, belonging to Persons within the Settlement Class.

Class Counsel's assent to this Agreement shall constitute consent on behalf of each and every member of the Settlement Class as defined herein to disclose this information as stated in this paragraph, consistent with the written consent provisions of the VRPA.  These electronic documents  shall be provided to the Settlement Administrator with a copy to Class Counsel,   and once de-duplicated by the Settlement Administrator, shall be called, together, the "Class List."  The Settlement Administrator shall provide a copy of the Class List to Class Counsel and Defendant's Counsel.

(b)      *Direct Notice via Email.* No later than twenty-one (21) days from entry of the Preliminary Approval Order, the Settlement Administrator shall send Notice via email substantially in the form attached as Exhibit B, along with an electronic link to the Claim Form, to all Settlement Class Members for whom a valid email address is in the Class List. In the event transmission of email notice results in any "bounce-backs," the Settlement Administrator shall, if possible, correct any issues that may have caused the "bounce-back" to occur and make a second attempt to re-send the email notice.

(c)      *Direct Notice via U.S. Mail*. No later than the twenty-eight (28) days from entry of the Preliminary Approval Order, the Settlement Administrator shall send Notice substantially in the form attached as Exhibit C and a postcard Claim Form with return postage prepaid via First Class U.S. Mail to all Settlement Class Members who did not receive an email pursuant to Paragraph 4.1(b), above.

(d)      *Settlement Website.* Within ten (10) days from entry of the Preliminary Approval Order, Notice shall be provided on a website at an available settlement URL (such as, for example, www.hearstsettlement.com) which shall be obtained, administered and maintained by the Settlement Administrator and shall include the ability to file Claim Forms on-line, provided that such Claim Forms, if signed electronically, will be binding for purposes of

16

applicable law and contain a statement to that effect. The Notice provided on the Settlement Website shall be substantially in the form of Exhibit D hereto.

**(e)** *Hearst Statement*. The documents referenced in 4.1(b), (c) and (d) shall contain the following statement from Hearst in a format/typeface designed to give it prominence within each said document: While Hearst believes that its practices were in compliance with Michigan law, Hearst chose to settle this case, without admitting liability, to focus time, effort and resources on continuing to provide valued content to its readers, as the organization has since its founding, and not on additional legal fees and the uncertainty of litigation.

**(f)** *CAFA Notice.* Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, the Settlement Administrator shall cause to be served upon the Attorneys General of each U.S. State in which Settlement Class members reside, the Attorney General of the United States, and other required government officials, notice of the proposed settlement as required by law, subject to Paragraph 5.1 below.

**4.2** The Notice shall advise the Settlement Class of their rights, including the right to be excluded from, comment upon, and/or object to the Settlement Agreement or any of its terms. The Notice shall specify that any objection to the Settlement Agreement, and any papers submitted in support of said objection, shall be considered by the Court at the Final Approval Hearing only if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice, the Person making the objection files notice of an intention to do so and at the same time (a) files copies of such papers he or she proposes to be submitted at the Final Approval Hearing with the Clerk of the Court, or alternatively, if the objection is from a Class Member represented by counsel, files any objection through the Court's CM/ECF system, and (b) sends copies of such papers by mail, hand, or overnight delivery service to Class Counsel and Defendant's Counsel.

**4.3**     Any Settlement Class Member who intends to object to this Agreement must present on a timely basis the objection in writing, which must be personally signed by the objector, and must include:  (1) the objector's name and address; (2) an explanation of the basis upon which the objector claims to be a Settlement Class Member, including the Hearst Publication(s) which he or she purchased and/or is or was a subscriber; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and (5) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules).

**4.4**     If a Settlement Class Member or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption and amount of payment received.

**4.5**     A Settlement Class Member may request to be excluded from the Settlement Class by sending a timely written request postmarked on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice.  To exercise the right to be excluded, a Person in the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing his/her name and address, the name of the Hearst Publication(s) which he or she purchased and/or is or was a subscriber, a signature, the name and number of the case, and a statement that he or she wishes to be excluded from the Settlement

Class for purposes of this Settlement. A request to be excluded that does not include all of this information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the Person(s) serving such a request shall be a member(s) of the Settlement Class and shall be bound as a Settlement Class Member by this Agreement, if approved. Any member of the Settlement Class who validly elects to be excluded from this Agreement shall not: (i) be bound by any orders or the Final Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement. The request for exclusion must be personally signed by each Person requesting exclusion. So-called "mass" or "class" opt-outs shall not be allowed. To be valid, a request for exclusion must be postmarked or received by the date specified in the Notice.

4.6     The Final Approval Hearing shall be no earlier than ninety (90) days after the Notice described in Paragraph 4.1(e) is provided.

4.7     Any Settlement Class Member who does not, in accordance with the terms and conditions of this Agreement, seek exclusion from the Settlement Class or timely file a valid Claim Form shall not be entitled to receive any payment or benefits pursuant to this Agreement, but will otherwise be bound by all of the terms of this Agreement, including the terms of the Final Judgment to be entered in the Action and the Releases provided for in the Agreement, and will be barred from bringing any action against any of the Released Parties concerning the Released Claims.

## 5.     SETTLEMENT ADMINISTRATION.

5.1     The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational, responsive, cost effective, and timely manner. The Settlement Administrator shall maintain

reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and Defendant's Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with regular reports at weekly intervals containing information concerning Notice, administration, and implementation of the Settlement Agreement. Should the Court request, the Parties shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts from the Settlement Fund paid to Settlement Class Members on account of Approved Claims. Without limiting the foregoing, the Settlement Administrator shall:

(a) Forward to Defendant's Counsel, with copies to Class Counsel, all original documents and other materials received in connection with the administration of the Settlement, and all copies thereof, within thirty (30) days after the date on which all Claim Forms have been finally approved or disallowed in accordance with the terms of this Agreement;

(b) Provide Class Counsel and Defendant's Counsel with drafts of all administration related documents, including but not limited to CAFA Notices, follow-up class notices or communications with Settlement Class Members, telephone scripts, website postings or language or other communications with the Settlement Class, at least five (5) days before the Settlement Administrator is required to or intends to publish or use such communications, unless Class Counsel and Defendant's Counsel agree to waive this requirement in writing on case by case basis;

(c) Receive requests to be excluded from the Settlement Class and other requests and promptly provide to Class Counsel and Defendant's Counsel copies thereof. If the

Settlement Administrator receives any exclusion forms or other requests after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel;

   **(d)** Provide weekly reports to Class Counsel and Defendant's Counsel, including without limitation, reports regarding the number of Claim Forms received, the number approved by the Settlement Administrator, and the categorization and description of Claim Forms rejected, in whole or in part, by the Settlement Administrator; and

   **(e)** Make available for inspection by Class Counsel or Defendant's Counsel the Claim Forms received by the Settlement Administrator at any time upon reasonable notice.

  **5.2** The Settlement Administrator shall be obliged to employ reasonable procedures to screen claims for abuse or fraud and deny Claim Forms where there is evidence of abuse or fraud.  The Settlement Administrator shall determine whether a Claim Form submitted by a Settlement Class Member is an Approved Claim by determining if the Person is on the Class List or has attested on the Claim Form to Michigan residence and a Hearst publication purchase and/or subscription associated with that identity and a Michigan address on or before July 30, 2016 and shall reject Claim Forms that fail to (a) comply with the instructions on the Claim Form or the terms of this Agreement (including attestation as to inclusion in the Settlement Class), or (b) provide full and complete information as requested on the Claim Form.  In the event a Person submits a timely Claim Form by the Claims Deadline where the Person appears on the Class List but the Claim Form is not otherwise complete, then the Settlement Administrator shall give such Person one (1) reasonable opportunity to provide any requested missing information, which information must be received by the Settlement Administrator no later than thirty (30) calendar days after the Claims Deadline.  In the event the Settlement Administrator receives such information more than thirty (30) days after the Claims Deadline,

then any such claim shall be denied.  The Settlement Administrator may contact any Person who has submitted a Claim Form to obtain additional information necessary to verify the Claim Form, which information must be received by the Settlement Administrator no later than thirty (30) calendar days after the Claims Deadline. In the event the Settlement Administrator receives such information more than thirty (30) days after the Claims Deadline, then any such claim shall be denied.

      **5.3**     Defendant's Counsel and Class Counsel shall have the right to challenge the acceptance or rejection of a Claim Form submitted by Settlement Class Members.  The Settlement Administrator shall follow any agreed decisions of Class Counsel and Defendant's Counsel as to the validity of any disputed submitted Claim Form.  To the extent Class Counsel and Defendant's Counsel are not able to agree on the disposition of a challenge, the disputed claim shall be submitted to Jay Cohen, Esq. for binding determination.  Mr. Cohen will charge his regular hourly rate for providing such services to the Settlement Class, and all expenses related thereto will be paid by the Settlement Administrator from the Settlement Fund.

      **5.4**     In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

      **5.5**.     Defendant, the Released Parties, and Defendant's Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Class Counsel, or the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the allocation of Settlement Funds to Settlement Class Members or the implementation, administration, or interpretation thereof; (iv) the determination, administration, calculation, or payment of any claims asserted

against the Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, Tax Expenses, or costs incurred in connection with the taxation of the Settlement Fund or the filing of any federal, state, or local returns.

**5.7**.     All taxes and tax expenses shall be paid out of the Settlement Fund, and shall be timely paid by the Settlement Administrator pursuant to this Agreement and without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with this Agreement and in all events shall reflect that all taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  The Released Parties shall have no responsibility or liability for the acts or omissions of the Settlement Administrator or its agents with respect to the payment of taxes or tax expenses.

**6.     TERMINATION OF SETTLEMENT.**

**6.1**     Subject to Paragraphs 9.1-9.3 below, Defendant or the Class Representative on behalf of the Settlement Class, shall have the right to terminate this Agreement by providing written notice of the election to do so ("Termination Notice") to all other Parties hereto within twenty-one (21) days of any of the following events:  (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant final approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Judgment in this Action in any material respect; (iv) the date upon which the Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (v) the date upon which an Alternate Judgment, as defined in Paragraph 9.1(d) of this Agreement is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

**6.2**     If prior to the Final Approval Hearing Persons who otherwise would be members of the Settlement Class have timely requested exclusion from the Settlement Class in accordance with the provisions of the Notice Order and the notice given pursuant thereto, and such Persons in the aggregate constitute 5,000 or more in number, Defendant shall have, in its sole and absolute discretion, the option to terminate this settlement by giving notice as set forth in paragraph 6.1.

**7.     PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER.**

**7.1**     Promptly after the execution of this Settlement Agreement, Class Counsel shall submit this Agreement together with its Exhibits to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement; certification of the Settlement Class for settlement purposes only; appointment of Class Counsel and the Class Representative; and entry of a Preliminary Approval Order, which order shall set a Final Approval Hearing date and approve the Notice and Claim Forms for dissemination substantially in the form of Exhibits A, B, C, and D hereto.  The Preliminary Approval Order shall also authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement) so long as they are consistent in all material respects with the terms of the Settlement Agreement and do not limit or impair the rights of the Settlement Class or materially expand the obligations of Defendant.

**7.2**     At the time of the submission of this Agreement to the Court as described above, Class Counsel shall request that, after Notice is given, the Court hold a Final Approval Hearing and approve the settlement of the Action as set forth herein.

**7.3**     After Notice is given, the Parties shall request and seek to obtain from the Court a Final Judgment, which will:

**(a)** find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Agreement, including all exhibits thereto;

**(b)** approve the Settlement Agreement and the proposed settlement as fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and Releasing Parties;

**(c)** find that the Notice implemented pursuant to the Agreement (1) constitutes the best practicable notice under the circumstances; (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, their right to object to or exclude themselves from the proposed Agreement, and to appear at the Final Approval Hearing; (3) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

**(d)** find that the Class Representative and Class Counsel adequately represent the Settlement Class for purposes of entering into and implementing the Agreement;

**(e)** dismiss the Action (including all individual claims and Settlement Class Claims presented thereby) on the merits and with prejudice, without fees or costs to any party except as provided in the Settlement Agreement;

**(f)** incorporate the Release set forth above, make the Release effective as of the date of the Effective Date, and forever discharge the Released Parties as set forth herein;

(g)    permanently bar and enjoin all Settlement Class Members who have not been properly excluded from the Settlement Class from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on the Released Claims;

(h)    without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose; and

(i)    incorporate any other provisions as necessary or appropriate to effectuate the terms and conditions of the Settlement Agreement.

8.    **CLASS COUNSEL'S ATTORNEYS' FEES, COSTS, AND EXPENSES; INCENTIVE AWARD.**

**8.1**    Defendant agrees that Class Counsel may receive from the Settlement Fund, subject to Court approval, attorneys' fees not to exceed one-third of the Settlement Fund (or sixteen million six hundred sixty-six thousand six hundred sixty-six dollars and sixty-six cents ($16,666,666.66)), plus reimbursement of Court-approved costs and expenses associated with the Action.  Class Counsel will petition the Court for an award of such attorneys' fees, costs, and expenses, and Defendant agrees to not object to or otherwise challenge, directly or indirectly, Class Counsel's petition.  Payment of the Fee Award shall be made from the Settlement Fund and should the Court award less than the amount sought by Class Counsel, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund.

**8.2**    The Fee Award shall be payable by the Settlement Administrator within ten (10) days after entry of the Court's Final Judgment, subject to Class Counsel executing the Undertaking Regarding Attorneys' Fees and Costs (the "Undertaking") attached hereto as

26

Exhibit E, and providing all payment routing information and tax I.D. numbers for Class

Counsel.  Payment of the Fee Award shall be made from the Settlement Fund by wire transfer

pursuant to joint instructions provided by Bursor & Fisher, P.A., and Carey Rodriguez Milian

Gonya, LLP, and completion of necessary forms, including but not limited to W-9 forms.  The

Settlement Administrator shall wire the funds within 1 business day of receiving the joint

instructions.  Notwithstanding the foregoing, if for any reason the Final Judgment is reversed or

rendered void as a result of an appeal(s) then Bursor & Fisher, P.A., and Carey Rodriguez Milian

Gonya, LLP shall each be severally liable for payments made pursuant to this subparagraph, and

shall return such funds to Defendant or Defendant's insurers.  To effectuate this provision,

Bursor & Fisher, P.A., and Carey Rodriguez Milian Gonya, LLP shall each execute a guarantee

of repayment in the form attached hereto as Exhibit E.  Additionally, should any parties to the

Undertaking dissolve, merge, declare bankruptcy, become insolvent, or cease to exist prior to the

final payment to Class Members, those parties shall execute a new undertaking guaranteeing

repayment of funds within 14 days of such an occurrence.

**8.3**     Defendant agrees that, subject to Court approval, the Settlement Administrator

may pay an incentive award to the Class Representative from the Settlement Fund, in addition to

any settlement payment as a result of an Approved Claim pursuant to this Agreement, and in

recognition of her efforts on behalf of the Settlement Class, in the amount of ten thousand dollars

($10,000.00).  Defendant shall not object to or otherwise challenge, directly or indirectly, Class

Counsel's application for the incentive award to the Class Representative if limited to this

amount.  Class Counsel, in turn, agrees to seek no more than this amount from the Court as the

incentive award for the Class Representative.  Should the Court award less than this amount, the

difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph

shall remain in the Settlement Fund.  Such award shall be paid from the Settlement Fund (in the

form of a check to the Class Representative that is sent care of Class Counsel), within five (5) business days after entry of the Final Judgment if there have been no objections to the Settlement Agreement, and, if there have been such objections, within five (5) business days after the Effective Date.

**9. CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.**

**9.1**     The Effective Date of this Settlement Agreement shall not occur unless and until each of the following events occurs and shall be the date upon which the last (in time) of the following events occurs:

**(a)**     The Parties and their counsel have executed this Agreement;

**(b)**     The Court has entered the Preliminary Approval Order;

**(c)**     The Court has entered an order finally approving the Agreement, following Notice to the Settlement Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Judgment, or a judgment consistent with this Agreement in all material respects; and

**(d)**     The Final Judgment has become Final, as defined above, or, in the event that the Court enters an Alternate Judgment, such Alternate Judgment becomes Final.

**9.2**     If some or all of the conditions specified in Paragraph 9.1 are not met, or in the event that this Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be canceled and terminated subject to Paragraph 6.1 unless Class Counsel and Defendant's Counsel mutually agree in writing to proceed with this Agreement. If any Party is in material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all of the Settling Parties. Notwithstanding anything herein, the Parties agree that the

Court's failure to approve, in whole or in part, the attorneys' fees payment to Class Counsel and/or the incentive award set forth in Paragraph 8 above shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination.

**9.3** If this Agreement is terminated or fails to become effective for the reasons set forth in Paragraphs 6.1, 6.2 and 9.1-9.2 above, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement unless Class Counsel and Defendant's Counsel mutually agree in writing to proceed with this Agreement. In such event, any Final Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Agreement had never been entered into. Within five (5) business days after written notification of termination as provided in this Agreement is sent to the other Parties, the Settlement Fund (including accrued interest thereon), less any Settlement Administration costs actually incurred, paid or payable and less any taxes and tax expenses paid, due or owing, shall be refunded by the Settlement Administrator to Defendant or Defendant's insurers, based upon written instructions provided by Defendant's Counsel. In the event that the Final Settlement Order and Judgment or any part of it is vacated, overturned, reversed, or rendered void as a result of an appeal, or the Settlement Agreement is voided, rescinded, or otherwise terminated for any other reason, Class Counsel shall, within thirty (30) days repay to Defendant or Defendant's insurers, based upon written instructions provided by Defendant's Counsel, the full amount of the attorneys' fees and costs paid to Class Counsel from the Settlement Fund, including any accrued interest. In the event the attorney fees and costs awarded by the Court or any part of them are vacated, modified, reversed, or rendered void as a result of an appeal, Class Counsel shall within thirty (30) days repay to Defendant or Defendant's insurers, based upon written instructions provided by Defendant's Counsel, the

attorneys' fees and costs paid to Class Counsel and/or Representative Plaintiff from the Settlement Fund, in the amount vacated or modified, including any accrued interest.

## 10. MISCELLANEOUS PROVISIONS.

**10.1** The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement, to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement, to secure final approval, and to defend the Final Judgment through any and all appeals. Class Counsel and Defendant's Counsel agree to cooperate with one another in seeking Court approval of the Settlement Agreement, entry of the Preliminary Approval Order, and the Final Judgment, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

**10.2** The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff, the Settlement Class and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiffs or defended by Defendant, or each or any of them, in bad faith or without a reasonable basis. Nothing herein, however, shall be construed to prevent any employee of Defendant or any Released Party, or any independent contractor working in a reporting or newsgathering capacity for Defendant or any Released Party, from reporting on the Action or this Settlement.

**10.3** The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully the above and foregoing agreement and have been fully advised as to

the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

**10.4**    Whether or not the Effective Date occurs or the Settlement Agreement is terminated, neither this Agreement nor the settlement contained herein or any term, provision or definition therein, nor any act or communication performed or document executed in the course of negotiating, implementing or seeking approval pursuant to or in furtherance of this Agreement or the settlement:

**(a)**    is, may be deemed, or shall be used, offered or received in any civil, criminal or administrative proceeding in any court, administrative agency, arbitral proceeding or other tribunal against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the definition or scope of any term or provision, the reasonableness of the settlement amount or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

**(b)**    is, may be deemed, or shall be used, offered or received against any Released Party, as an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

**(c)**    is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing or statutory meaning (including but not limited to the definitions of Michigan Subscriber Information and Settlement Class) as against any Released Parties, or supporting the certification of a litigation class, in any civil, criminal or administrative

proceeding in any court, administrative agency or other tribunal. However, the settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement. Further, if this Settlement Agreement is approved by the Court, any Party or any of the Released Parties may file this Agreement and/or the Final Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

      **(d)** is, may be deemed, or shall be construed against Plaintiff, the Settlement Class, the Releasing Parties, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

      **(e)** is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiff, the Settlement Class, the Releasing Parties, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiff's claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

      **10.5** The Parties acknowledge that (a) any certification of the Settlement Class as set forth in this Agreement, including certification of the Settlement Class for settlement purposes in the context of Preliminary Approval, shall not be deemed a concession that certification of a litigation class is appropriate, or that the Settlement Class definition would be appropriate for a litigation class, nor would Defendant be precluded from challenging class certification in further

proceedings in the Action or in any other action if the Settlement Agreement is not finalized or finally approved; (b) if the Settlement Agreement is not finally approved by the Court for any reason whatsoever, then any certification of the Settlement Class will be void, the Parties and the Action shall be restored to the status quo ante, and no doctrine of waiver, estoppel or preclusion will be asserted in any litigated certification proceedings in the Action or in any other action; and (c) no agreements made by or entered into by Defendant in connection with the Settlement may be used by Plaintiff, any person in the Settlement Class, or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in the Action or any other judicial proceeding.

**10.6**.    No person or entity shall have any claim against the Class Representative, Class Counsel, the Settlement Administrator or any other agent designated by Class Counsel, or the Released Parties and/or their counsel, arising from distributions made substantially in accordance with this Agreement.  The Parties and their respective counsel, and all other Released Parties shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the determination, administration, calculation, or payment of any claim or nonperformance of the Settlement Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

**10.7**.    All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.

**10.8**    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

**10.9**    The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

**10.10**    All of the Exhibits to this Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

**10.11**    This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein.  No representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.  This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

**10.12**    Except as otherwise provided herein, each Party shall bear its own costs.

**10.13**    Plaintiffs represent and warrant that they have not assigned any claim or right or interest therein as against the Released Parties to any other Person or Party and that they are fully entitled to release the same.

**10.14**    Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any Party hereto, hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

**10.15**    This Agreement may be executed in one or more counterparts.  Signature by digital means, facsimile, or in PDF format will constitute sufficient execution of this Agreement. All executed counterparts and each of them shall be deemed to be one and the same instrument.

A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

**10.16**   This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

**10.17**   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

**10.18**   This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of New York.

**10.19**   This Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties.  Because all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

**10.20**   Where this Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel:  Scott A. Bursor, Bursor & Fisher, P.A., 888 Seventh Avenue, New York, NY 10019; David P. Milian, Carey Rodriguez Milian Gonya, LLP, 1395 Brickell Avenue, Miami, Florida 33131; Jonathan R. Donnellan, The Hearst Corporation, Office of General Counsel, 300 West 57th Street, 40th Floor, New York, NY 10019.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.  SIGNATURE PAGE FOLLOWS]

**IT IS SO AGREED TO BY THE PARTIES**:

Dated: _July 11_, 2018          **JOSEPHINE JAMES EDWARDS**

                      By: _Josephine James Edwards_
                      Josephine James Edwards, individually and as
                      representative of the Class



Dated: _____, 2018          **HEARST COMMUNICATIONS, INC.**

                      By:_____
                            Eve Burton

                      Its: Chief Legal Officer
                      Hearst Communications, Inc.

**IT IS SO STIPULATED BY COUNSEL:**


Dated: _____, 2018          **BURSOR & FISHER, P.A.**


                      By: _____
                      Scott A. Bursor
                      scott@bursor.com
                      Joseph I. Marchese
                      jmarchese@bursor.com
                      Philip L. Fraietta
                      pfraietta@bursor.com
                      BURSOR & FISHER, P.A.
                      888 Seventh Avenue
                      New York, New York 10019
                      Tel: (646) 837-7150
                      Fax: (212) 989-9163

                      -and-

                      **CAREY RODRIGUEZ MILIAN GONYA, LLP**


                      By: _____
                      John C. Carey
                      jcarey@careyrodriguez.com
                      David P. Milian
                      dmilian@careyrodriguez.com

**IT IS SO AGREED TO BY THE PARTIES**:

Dated: _____, 2018                    **JOSEPHINE JAMES EDWARDS**

                                        By:_____
                                        Josephine James Edwards, individually and as
                                        representative of the Class


Dated: _7/11_, 2018                     **HEARST COMMUNICATIONS, INC.**

                                        By: _____
                                        Eve Burton

                                        Its: Chief Legal Officer
                                        Hearst Communications, Inc.

**IT IS SO STIPULATED BY COUNSEL**:

Dated: _____, 2018                    **BURSOR & FISHER, P.A.**


                                        By: _____
                                        Scott A. Bursor
                                        scott@bursor.com
                                        Joseph I. Marchese
                                        jmarchese@bursor.com
                                        Philip L. Fraietta
                                        pfraietta@bursor.com
                                        BURSOR & FISHER, P.A.
                                        888 Seventh Avenue
                                        New York, New York 10019
                                        Tel:  (646) 837-7150
                                        Fax:  (212) 989-9163

                                        -and-

                                        **CAREY RODRIGUEZ MILIAN GONYA, LLP**


                                        By: _____
                                        John C. Carey
                                        jcarey@careyrodriguez.com
                                        David P. Milian
                                        dmilian@careyrodriguez.com

**IT IS SO AGREED TO BY THE PARTIES**:

Dated: _____, 2018        **JOSEPHINE JAMES EDWARDS**

                           By:_____
                           Josephine James Edwards, individually and as
                           representative of the Class

Dated: _____, 2018        **HEARST COMMUNICATIONS, INC.**

                           By:_____
                              Eve Burton

                           Its: Chief Legal Officer
                           Hearst Communications, Inc.

**IT IS SO STIPULATED BY COUNSEL:**

Dated: July 11, 2018        **BURSOR & FISHER, P.A.**

                           By: _____
                           Scott A. Bursor
                           scott@bursor.com
                           Joseph I. Marchese
                           jmarchese@bursor.com
                           Philip L. Fraietta
                           pfraietta@bursor.com
                           BURSOR & FISHER, P.A.
                           888 Seventh Avenue
                           New York, New York 10019
                           Tel: (646) 837-7150
                           Fax: (212) 989-9163

                           -and-

                           **CAREY RODRIGUEZ MILIAN GONYA, LLP**

                           By: _____
                           John C. Carey
                           jcarey@careyrodriguez.com
                           David P. Milian
                           dmilian@careyrodriguez.com

**IT IS SO AGREED TO BY THE PARTIES**:

Dated: _____, 2018            JOSEPHINE JAMES EDWARDS

                                 By:_____
                                 Josephine James Edwards, individually and as
                                 representative of the Class

Dated: _____, 2018            HEARST COMMUNICATIONS, INC.

                                 By:_____
                                   Eve Burton

                                 Its: Chief Legal Officer
                                 Hearst Communications, Inc.

**IT IS SO STIPULATED BY COUNSEL:**

Dated: _____, 2018            BURSOR & FISHER, P.A.

                                 By: _____
                                 Scott A. Bursor
                                 scott@bursor.com
                                 Joseph I. Marchese
                                 jmarchese@bursor.com
                                 Philip L. Fraietta
                                 pfraietta@bursor.com
                                 BURSOR & FISHER, P.A.
                                 888 Seventh Avenue
                                 New York, New York 10019
                                 Tel: (646) 837-7150
                                 Fax: (212) 989-9163

                                 -and-

                           CAREY RODRIGUEZ MILIAN GONYA, LLP

                                 By: _____
                                 John C. Carey
                                 jcarey@careyrodriguez.com
                                 David P. Milian
                                 dmilian@careyrodriguez.com

CAREY RODRIGUEZ MILIAN GONYA, LLP
1395 Brickell Avenue, Suite 700
Miami, Florida 33131
Tel: (305) 372-7474
Fax: (305) 372-7475

*Attorneys for Class Representative and the
Settlement Class*

Dated: 7/12 , 2018

**THE HEARST CORPORATION,
OFFICE OF GENERAL COUNSEL**

By: _____

Jonathan R. Donnellan
jdonnellan@hearst.com
Kristina E. Findikyan
kfindikyan@hearst.com
Stephen H. Yuhan
syuhan@hearst.com
Evan J. Saucier
esaucier@hearst.com
THE HEARST CORPORATION
OFFICE OF GENERAL COUNSEL
300 West 57th Street, 40th Floor
New York, NY 10019
Tel: (212) 841-7000
Fax: (212) 554-7000

*Attorneys for Defendant Hearst Communications,
Inc.*

EXHIBIT A

# HEARST SETTLEMENT CLAIM FORM

THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED BY [CLAIMS DEADLINE] AND MUST BE FULLY COMPLETED, BE SIGNED, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.

Instructions: Fill out each section of this form and sign where indicated.

Name (First, M.I., Last): _____     _____     _____

Street Address: _____

City: _____     State: ____ ____     Zip Code: ____ ____ ____ ____ ____

Email Address (optional): _____

Contact Phone #: ( ___ ___ ___) ___ ___ ___ − ___ ___ ___ ___ (You may be contacted if further information is required.)

Class Member Verification: By submitting this claim form and checking the boxes below, I declare that I believe I am a member of the Settlement Class and that the following statements are true (each box must be checked to receive a payment):

☐  I had a Michigan street address on or before July 30, 2016 and purchased and/or had a subscription to a Hearst Publication on or before July 30, 2016.  Hearst Publications include any magazine or other publication published by Defendant or one of its subsidiaries, predecessors, or companies acquired by Hearst, or any publication acquired by Hearst, in the United States, including but not limited to any one of the following magazines or publications: *Country Living, Cosmopolitan, Elle Decor, Elle, Esquire, Food Network Magazine, Good Housekeeping, Harper's Bazaar, House Beautiful, Marie Claire, O, The Oprah Magazine, Popular Mechanics, Redbook, Road & Track, Seventeen, Town & Country, Veranda*, and *Woman's Day*.

☐ Under penalty of perjury, all information provided in this Claim Form is true and correct to the best of my knowledge and belief.

Signature: _____     Date: ___ ___/ ___ ___/ ___ ___

Print Name: _____

The Settlement Administrator will review your Claim Form; you may be required to submit additional documentation to validate your claim. If accepted, you will be mailed a check for a *pro rata* share of the Settlement Fund depending on the number of valid claim forms received. This process takes time, please be patient.

**Questions, visit www. hearstsettlement.com or call [toll free number]**

**EXHIBIT B**

From: HearstSettlement@hearstsettlement.com
To: JonQClassMember@domain.com
Re: Legal Notice of Class Action Settlement

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
### *Edwards v. Hearst Communications, Inc.*, Case No. 1:15-cv-09279-AT-JLC
### (United States District Court for the Southern District of New York)

This notice is to inform you of the settlement of a class action lawsuit with publisher Hearst Communications, Inc., the Defendant in this case. Plaintiff Josephine James Edwards alleges that Defendant disclosed its customers' subscription information to third parties which is alleged to violate Michigan privacy law. **While Hearst believes that its practices were in compliance with Michigan law, Hearst chose to settle this case, without admitting liability, to focus time, effort and resources on continuing to provide valued content to its readers, as the organization has since its founding, and not on additional legal fees and the uncertainty of litigation.**

**Am I a Class Member?** Our records indicate you may be a Class Member. Class Members are persons who had a Michigan street address on or before July 30, 2016 and purchased and/or had a subscription to a Hearst Publication on or before July 30, 2016. Hearst Publications include any magazine or other publication published by Defendant, one of its subsidiaries, predecessors, or companies acquired by Hearst, or any publication acquired by Hearst, in the United States, including but not limited to any one of the following magazines or publications: *Country Living*, *Cosmopolitan*, *Elle Decor*, *Elle*, *Esquire*, *Food Network Magazine*, *Good Housekeeping*, *Harper's Bazaar*, *House Beautiful*, *Marie Claire*, *O, The Oprah Magazine*, *Popular Mechanics*, *Redbook*, *Road & Track*, *Seventeen*, *Town & Country*, *Veranda*, and *Woman's Day*.

**What Can I Get?** A Settlement Fund of $50,000,000.00 has been established to pay all valid claims submitted by the Settlement Class, together with notice and administration expenses, approved attorneys' fees and costs, and an incentive award. If you are entitled to relief, you may submit a claim to receive a *pro rata* share of the Settlement Fund, which Class Counsel estimates to be about $155 per class member, although the final amount you receive will also depend on the number of valid claims submitted.

**How Do I Get a Payment?** To receive a payment, you must submit a timely and complete Claim Form by mail or online, submitted or postmarked **no later than [claims deadline]**. You can submit the claim form online at www.URL, or by clicking [here.] Your payment will come by check.

**What are My Other Options?** You may exclude yourself from the Class by sending a letter to the settlement administrator no later than [**objection/exclusion deadline**]. If you exclude yourself, you cannot get a settlement payment, but you keep any rights you may have to sue the Defendant over the legal issues in the lawsuit. You and/or your lawyer have the right to appear before the Court and/or object to the proposed settlement. Your written objection must be filed no later than [**objection/exclusion deadline**]. Specific instructions about how to object to, or exclude yourself from, the Settlement are available at [www.hearstsettlement.com]. If you file a claim or do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and

judgments. In addition, your claims relating to the alleged disclosure of subscriber information in this case against the Defendant will be released.

**Who Represents Me?** The Court has appointed Bursor & Fisher, P.A. and Carey Rodriguez Milian Gonya, LLP to represent the class. These attorneys are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at _____ .m. on [date] at the Daniel Patrick Moynihan United States Courthouse, Courtroom 15D, 500 Pearl Street, New York, NY 10007. At that hearing, the Court will: hear any objections concerning the fairness of the settlement; determine the fairness of the settlement; decide whether to approve Class Counsel's request for attorneys' fees and costs; and decide whether to award the Class Representative $10,000 from the Settlement Fund for her services in helping to bring and settle this case. Defendant has agreed that Class Counsel may be paid reasonable attorneys' fees from the Settlement Fund in an amount to be determined by the Court. Class Counsel is entitled to seek no more than one-third of the Settlement Fund, but the Court may award less than this amount.

**How Do I Get More Information?** For more information, including a more detailed Notice, Claim Form, a copy of the Settlement Agreement and other documents, go to www.hearstmagazinesettlement.com, contact the settlement administrator at 1-___-___-____ or Hearst Settlement Administrator, [address], or call Class Counsel at 1-866-354-3015.

EXHIBIT C

COURT AUTHORIZED NOTICE OF CLASS
ACTION AND PROPOSED SETTLEMENT

Hearst Settlement
Settlement Administrator
P.O. Box 0000
City, ST 00000-0000

# OUR RECORDS INDICATE YOU HAVE PURCHASED AND/OR HAD A SUBSCRIPTION TO A HEARST COMMUNICATIONS, INC. PUBLICATION AND MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT.

||||||||||||||||||||||||

Postal Service: Please do not mark barcode

XXX—«ClaimID»    «MailRec»

«First1» «Last1»
«C/O»
«Addr1»  «Addr2»
«City», «St»  «Zip» «Country»

By Order of the Court Dated: [date]

### HEARST SETTLEMENT CLAIM FORM

THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED BY [CLAIMS DEADLINE] AND MUST BE FULLY COMPLETED, BE SIGNED, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.

Instructions: Fill out each section of this form and sign where indicated.

Name (First, M.I., Last): _____   _____   _____

Street Address: _____

City: _____ State: ____ ____   Zip Code: ____ ____ ____ ____ ____

Email Address (optional): _____

Contact Phone #: ( ___ ___ ___) ___ ___ ___ – ___ ___ ___ ___ (You may be contacted if further information is required.)

<u>Class Member Verification</u>: By submitting this claim form and checking the boxes below, I declare that I believe I am a member of the Settlement Class and that the following statements are true (each box must be checked to receive a payment):

☐ I had a Michigan street address on or before July 30, 2016 and purchased and/or had a subscription to a Hearst Publication on or before July 30, 2016.  Hearst Publications include any magazine or other publication published by Defendant, one of its subsidiaries, predecessors, or companies acquired by Hearst, or any publication acquired by Hearst, in the United States, including but not limited to any one of the following magazines or publications: *Country Living, Cosmopolitan, Elle Decor, Elle, Esquire, Food Network Magazine, Good Housekeeping, Harper's Bazaar, House Beautiful, Marie Claire, O, The Oprah Magazine, Popular Mechanics, Redbook, Road & Track, Seventeen, Town & Country, Veranda,* and *Woman's Day.*

☐ Under penalty of perjury, all information provided in this Claim Form is true and correct to the best of my knowledge and belief.

Signature: _____ Date: ___ ___/ ___ ___/ ___ ___

Print Name: _____

The Settlement Administrator will review your Claim Form; you may be required to submit additional documentation to validate your claim. If accepted, you will be mailed a check for a *pro rata* share of the Settlement Fund depending on the number of valid claim forms received. This process takes time, please be patient.

**Questions, visit www.[hearstsettlement.com] or call [toll free number]**

A settlement has been reached in a class action lawsuit claiming that Defendant, magazine publisher Hearst Communications, Inc., disclosed its customers' subscription information to third parties, which is alleged to violate Michigan privacy law. **While Hearst believes that its practices were in compliance with Michigan law, Hearst chose to settle this case, without admitting liability, to focus time, effort and resources on continuing to provide valued content to its readers, as the organization has since its founding, and not on additional legal fees and the uncertainty of litigation.**

**Am I a Class Member?** Our records indicate you may be a Class Member. Class Members are persons who had a Michigan street address on or before July 30, 2016 who purchased and/or had a subscription to a Hearst Publication on or before July 30, 2016. Hearst Publications include any magazine or other publication published by Defendant, one of its subsidiaries, predecessors, or companies acquired by Hearst, or any publication acquired by Hearst, in the United States, including but not limited to any one of the following magazines or publications: *Country Living*, *Cosmopolitan*, *Elle Decor*, *Elle*, *Esquire*, *Food Network Magazine*, *Good Housekeeping*, *Harper's Bazaar*, *House Beautiful*, *Marie Claire*, *O, The Oprah Magazine*, *Popular Mechanics*, *Redbook*, *Road & Track*, *Seventeen*, *Town & Country*, *Veranda*, and *Woman's Day*.

**What Can I Get?** If approved by the Court, a Settlement Fund of $50,000,000.00 will be established to pay all valid claims submitted by the Settlement Class, together with notice and administration expenses, approved attorneys' fees and costs, and an incentive award. If you are entitled to relief, you may submit a claim to receive a *pro rata* share of the Settlement Fund, which Class Counsel estimates at $X per class member, depending on the number of valid claim forms submitted.

**How Do I Get a Payment?** You must submit a timely and properly completed Claim Form **no later than [claims deadline]**. You may use the Claim Form attached to this Notice or you can submit one online at [www.hearstsettlement.com]

**What are My Other Options?** You may exclude yourself from the Class by sending a letter to the settlement administrator no later than [**objection/exclusion deadline**]. If you exclude yourself, you cannot get a settlement payment, but you keep any rights you may have to sue the Defendant over the legal issues in the lawsuit. You and/or your lawyer have the right to appear before the Court and/or object to the proposed settlement. Your written objection must be filed no later than [**objection/exclusion deadline**]. Specific instructions about how to object to, or exclude yourself from, the Settlement are available at [www.hearstsettlement.com]. If you file a claim or do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, your claims relating to the alleged disclosure or subscriber information in this case against the Defendant and others will be released.

**Who Represents Me?** The Court has appointed Bursor & Fisher, P.A. and Carey Rodriguez Milian Gonya, LLP to represent the class. These attorneys are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at _____.m. on [date] at the Daniel Patrick Moynihan United States Courthouse, Courtroom 15D, 500 Pearl Street, New York, NY 10007. At that hearing, the Court will: hear any objections concerning the fairness of the settlement; determine the fairness of the settlement; decide whether to approve Class Counsel's request for attorneys' fees and costs; and decide whether to award the Class Representative $10,000 from the Settlement Fund for her services in helping to bring and settle this case. Defendant has agreed to pay Class Counsel reasonable attorneys' fees in an amount to be determined by the Court. Class Counsel is entitled to seek no more than one-third of the Settlement Fund, but the Court may award less than this amount.

**How Do I Get More Information?** For more information, including the full Notice, Claim Form and Settlement Agreement go to www.hearstsettlement.com, contact the settlement administrator at 1-___-___-____ or Magazine Subscriber Privacy Settlement Administrator, [address], or call Class Counsel at 1-866-354-3015.

Hearst Settlement Administrator
c/o [Settlement Administrator]
PO Box 0000
City, ST 00000-0000



XXX

**EXHIBIT D**

<u>UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK</u>
*Edwards v. Hearst Communications, Inc.*, Case No. 1:15-cv-09279-AT-JLC

IF YOU PURCHASED AND/OR HAD A SUBSCRIPTION TO A HEARST
COMMUNICATIONS, INC. MAGAZINE OR OTHER PUBLICATION ON OR BEFORE
JULY 30, 2016, YOU MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION
SETTLEMENT.

*A court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

- A Settlement has been reached in a class action lawsuit against magazine publisher Hearst Communications, Inc. The class action lawsuit involves whether Hearst Communications, Inc. disclosed its customers' subscription information to third parties, which is alleged to violate Michigan privacy law.

- **While Hearst believes that its practices were in compliance with Michigan law, Hearst chose to settle this case, without admitting liability, to focus time, effort and resources on continuing to provide valued content to its readers, as the organization has since its founding, and not on additional legal fees and the uncertainty of litigation.**

- You are included if you had a Michigan street address on or before July 30, 2016 and purchased and/or had a subscription to a Hearst Publication on or before July 30, 2016. Hearst Publications include any magazine or other publication published by Defendant, one of its subsidiaries, predecessors, or companies acquired by Hearst, or any publication acquired by Hearst, in the United States, including but not limited to any one of the following magazines or publications: *Country Living*, *Cosmopolitan*, *Elle Decor*, *Elle*, *Esquire*, *Food Network Magazine*, *Good Housekeeping*, *Harper's Bazaar*, *House Beautiful*, *Marie Claire*, *O, The Oprah Magazine*, *Popular Mechanics*, *Redbook*, *Road & Track*, *Seventeen*, *Town & Country*, *Veranda*, and *Woman's Day*.

- Those included in the Settlement will be eligible to receive a *pro rata* (meaning equal) portion of the Settlement Fund, which Class Counsel anticipates to be approximately $155.

- Read this notice carefully. Your legal rights are affected whether you act, or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to receive a payment. |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will retain any rights you currently have to sue the Defendant about the claims in this case. |
| **OBJECT** | Write to the Court explaining why you don't like the Settlement. |

| GO TO THE HEARING | Ask to speak in Court about your opinion of the Settlement. |
|---|---|
| DO NOTHING | You won't get a share of the Settlement benefits and will give up your rights to sue the Defendant about the claims in this case. |

These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

# BASIC INFORMATION

### 1. Why was this Notice issued?

A Court authorized this notice because you have a right to know about a proposed Settlement of this class action lawsuit and about all of your options, before the Court decides whether to give final approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

The Honorable Analisa Torres, of the U.S. District Court for the Southern District of New York, is overseeing this case. The case is called *Edwards v. Hearst Communications, Inc.*, Case No. 1:15-cv-09279-AT-JLC. The person who sued is called the Plaintiff. The Defendant is Hearst Communications, Inc.

### 2. What is a class action?

In a class action, one or more people called class representatives (in this case, Josephine James Edwards) sue on behalf of a group or a "class" of people who have similar claims. In a class action, the court resolves the issues for all class members, except for those who exclude themselves from the Class.

### 3. What is this lawsuit about?

This lawsuit claims that Defendant violated Michigan's Preservation of Personal Privacy Act, M.C.L. § 445.1712 ("VRPA") by disclosing information related to its customers' magazine subscriptions to third parties. The Defendant denies it violated any law. The Court has not determined who is right. Rather, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

### 4. Why is there a Settlement?

The Court has not decided whether the Plaintiff or the Defendant should win this case. Instead, both sides agreed to a Settlement. That way, they avoid the uncertainties and expenses associated with ongoing litigation, and Class Members will get compensation sooner rather than, if at all, after the completion of a trial.

# WHO'S INCLUDED IN THE SETTLEMENT?

## 5. How do I know if I am in the Settlement Class?

The Court decided that everyone who fits the following description is a member of the **Settlement Class**:

Persons who had a Michigan street address on or before July 30, 2016 who purchased and/or had a subscription to a Hearst Publication on or before July 30, 2016.

Hearst Publications include any magazine or other publication published by Defendant, one of its subsidiaries, predecessors, or companies acquired by Hearst, or any publication acquired by Hearst, in the United States, including but not limited to any one of the following magazines or publications: *Country Living*, *Cosmopolitan*, *Elle Decor*, *Elle*, *Esquire*, *Food Network Magazine*, *Good Housekeeping*, *Harper's Bazaar*, *House Beautiful*, *Marie Claire*, *O, The Oprah Magazine*, *Popular Mechanics*, *Redbook*, *Road & Track*, *Seventeen*, *Town & Country*, *Veranda*, and *Woman's Day*.

# THE SETTLEMENT BENEFITS

## 6. What does the Settlement provide?

*Monetary Relief*: A Settlement Fund has been created totaling $50,000,000.00. Class Member payments, and the cost to administer the Settlement, the cost to inform people about the Settlement, attorneys' fees, and an award to the Class Representative will also come out of this fund (*see* Question 13).

A detailed description of the settlement benefits can be found in the <u>Settlement Agreement</u>. [insert hyperlink]

## 7. How much will my payment be?

If you are member of the Settlement Class you may submit a Claim Form to receive a portion of the Settlement Fund. The amount of this payment will depend on how many of the Class Members file valid claims. Each Class Member who files a valid claim will receive a proportionate share of the Settlement Fund, which Class Counsel anticipates will be approximately $155. You can contact Class Counsel at 1-866-354-3015 to inquire as to the number of claims filed.

## 8. When will I get my payment?

The hearing to consider the fairness of the settlement is scheduled for [Final Approval Hearing Date]. If the Court approves the settlement, eligible Class Members whose claims were approved by the Settlement Administrator will receive their payment 28

days after the Settlement has been finally approved and/or after any appeals process is complete. The payment will be made in the form of a check, and all checks will expire and become void 180 days after they are issued.

## HOW TO GET BENEFITS

### 9. How do I get a payment?

If you are a Class Member and you want to get a payment, you must complete and submit a Claim Form by [**Claims Deadline**]. Claim Forms can be found and submitted on-line or you may have received a Claim Form in the mail as a postcard attached to a summary of this notice. To submit a Claim Form on-line or to request a paper copy, go to [www.hearstsettlement.com] or call toll free, 1-800-000-0000.

We encourage you to submit your claim electronically on-line. Not only is it easy and secure, but it is completely free and takes only minutes!

## REMAINING IN THE SETTLEMENT

### 10. What am I giving up if I stay in the Class?

If the Settlement becomes final, you will give up your right to sue the Defendant and other Released Parties for the claims being resolved by this Settlement. The specific claims you are giving up against the Defendant are described in the Settlement Agreement. You will be "releasing" the Defendant and certain of its affiliates, employees and representatives as described in Section 1.27 of the Settlement Agreement. Unless you exclude yourself (*see* Question 14), you are "releasing" the claims, regardless of whether you submit a claim or not. The Settlement Agreement is available through the "court documents" link on the website.

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully. If you have any questions you can talk to the lawyers listed in Question 12 for free or you can, of course, talk to your own lawyer if you have questions about what this means.

### 11. What happens if I do nothing at all?

If you do nothing, you won't get any benefits from this Settlement. But, unless you exclude yourself, you won't be able to start a lawsuit or be part of any other lawsuit against the Defendant for the claims being resolved by this Settlement.

# THE LAWYERS REPRESENTING YOU

## 12. Do I have a lawyer in the case?

The Court has appointed Bursor & Fisher, P.A. and Carey Rodriguez Milian Gonya, LLP to be the attorneys representing the Settlement Class. They are called "Class Counsel." They believe, after conducting an extensive investigation, that the Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Class. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

## 13. How will the lawyers be paid?

The Defendant has agreed that Class Counsel attorneys' fees and costs may be paid out of the Settlement Fund in an amount to be determined by the Court. The fee petition will seek no more than one-third of the Settlement Fund, plus reimbursement of their costs and expenses; the Court may award less than this amount. Under the Settlement Agreement, any amount awarded to Class Counsel will be paid out of the Settlement Fund.

Subject to approval by the Court, Defendant has agreed that the Class Representative may be paid $10,000 from the Settlement Fund for her services in helping to bring and settle this case.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

## 14. How do I get out of the Settlement?

To exclude yourself from the Settlement, you must mail or otherwise deliver a letter (or request for exclusion) stating that you want to be excluded from the *Edwards v. Hearst Communications, Inc.*, Case No. 1:15-cv-09279-AT-JLC settlement. Your letter or request for exclusion must also include your name, your address, the name of the Hearst Communications, Inc. publication(s) to which you subscribed, your signature, the name and number of this case, and a statement that you wish to be excluded. You must mail or deliver your exclusion request no later than [objection/exclusion deadline] to:

Hearst Settlement
0000 Street
City, ST 00000

## 15. If I don't exclude myself, can I sue the Defendant for the same thing later?

No. Unless you exclude yourself, you give up any right to sue the Defendant for the claims being resolved by this Settlement.

## 16. If I exclude myself, can I get anything from this Settlement?

No. If you exclude yourself, do not submit a Claim Form to ask for benefits.

## OBJECTING TO THE SETTLEMENT

## 17. How do I object to the Settlement?

If you are a Class Member, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must file with the Court a letter or brief stating that you object to the Settlement in *Edwards v. Hearst Communications, Inc.*, Case No. 1:15-cv-09279-AT-JLC and identify all your reasons for your objections (including citations and supporting evidence) and attach any materials you rely on for your objections. Your letter or brief must also include your name, your address, the basis upon which you claim to be a Class Member (including the name of the Hearst Communications, Inc. publication(s) which you purchased or to which you subscribed), the name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with your objection, and your signature. If you, or an attorney assisting you with your objection, have ever objected to any class action settlement where you or the objecting attorney has asked for or received payment in exchange for dismissal of the objection (or any related appeal) without modification to the settlement, you must include a statement in your objection identifying each such case by full case caption. You must also mail or deliver a copy of your letter or brief to Class Counsel and Defendant's Counsel listed below.

Class Counsel will file with the Court and post on this website its request for attorneys' fees by [two weeks prior to objection deadline].

If you want to appear and speak at the Final Approval Hearing to object to the Settlement, with or without a lawyer (explained below in answer to Question Number 21), you must say so in your letter or brief. File the objection with the Court and mail a copy to these two different places postmarked no later than **[objection deadline].**

| Court | Class Counsel | Defendant's Counsel |
|---|---|---|
| The Honorable Analisa Torres<br>United States District Court for the<br>Southern District of New York<br>500 Pearl Street, Courtroom 15D<br>New York, NY 10007 | Scott A. Bursor<br>Bursor & Fisher PA<br>888 Seventh Avenue<br>New York, NY 10019 | Jonathan R. Donnellan<br>The Hearst Corporation<br>Office of General Counsel<br>300 West 57th Street<br>40th Floor<br>New York, NY 10019 |

| | David P. Milian | |
| --- | --- | --- |
| | Carey Rodriguez | |
| | Milian Gonya, LLP | |
| | 1395 Brickell Avenue | |
| | Suite 700 | |
| | Miami, FL 33131 | |

## 18. What's the difference between objecting and excluding myself from the Settlement?

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself from the Class is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

## 19. When and where will the Court decide whether to approve the Settlement?

The Court will hold the Final Approval Hearing at [time] on **Month 00, 2018** in Courtroom 15D at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007. The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Class; to consider the Class Counsel's request for attorneys' fees and expenses; and to consider the request for an incentive award to the Class Representative. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check [www.hearstsettlement.com] or call 1-800-000-0000. If, however, you timely objected to the Settlement and advised the Court that you intend to appear and speak at the Final Approval Hearing, you will receive notice of any change in the date of such Final Approval Hearing.

## 20. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

**21. May I speak at the hearing?**

      Yes. You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must include in your letter or brief objecting to the settlement a statement saying that it is your "Notice of Intent to Appear in *Edwards v. Hearst Communications, Inc.*, Case No. 1:15-cv-09279-AT-JLC." It must include your name, address, telephone number and signature as well as the name and address of your lawyer, if one is appearing for you. Your objection and notice of intent to appear must be filed with the Court and postmarked no later than [**objection deadline**], and be sent to the addresses listed in Question 17.

## GETTING MORE INFORMATION

**22. Where do I get more information?**

This Notice summarizes the Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement at [www.hearstsubscribersettlement.com]. You may also write with questions to Hearst Settlement, P.O. Box 0000, City, ST 00000. You can call the Settlement Administrator at 1-800-000-0000 or Class Counsel at 1-866-354-3015, if you have any questions. Before doing so, however, please read this full Notice carefully. You may also find additional information elsewhere on the case website.

**EXHIBIT E**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

JOSEPHINE JAMES EDWARDS, individually and
on behalf of all others similarly situated,

                  Plaintiff,

    v.

HEARST COMMUNICATIONS, INC.,

                  Defendant.

Civil Action No. 15-cv-09279-AT-JLC

## STIPULATION REGARDING UNDERTAKING RE: ATTORNEYS' FEES, COSTS, AND EXPENSES

Plaintiff Josephine James Edwards and Defendant Hearst Communications, Inc. ("Hearst") (collectively, "the Parties"), by and through and including their undersigned counsel, stipulate and agree as follows:

WHEREAS, Bursor & Fisher P.A. (the "Firm") desires to give an undertaking (the "Undertaking") for repayment of its share of the award of attorneys' fees, costs, and expenses approved by the Court, and

WHEREAS, the Parties agree that this Undertaking is in the interests of all Parties and in service of judicial economy and efficiency.

NOW, THEREFORE, the undersigned counsel, on behalf of himself as individual and as agent for his law firm, hereby submits himself and his law firm to the jurisdiction of the Court for the purpose of enforcing the provisions of this Undertaking.

Capitalized terms used herein without definition have the meanings given to them in the Settlement Agreement.

By receiving any payments pursuant to the Settlement Agreement, the Firm and its shareholders, members, and/or partners submit to the jurisdiction of the United States District Court for the Southern District of New York for the enforcement of and any and all disputes relating to or arising out of the reimbursement obligation set forth herein and the Settlement Agreement.

In the event that the Final Settlement Order and Judgment or any part of it is vacated, overturned, reversed, or rendered void as a result of an appeal, or the Settlement Agreement is voided, rescinded, or otherwise terminated for any other reason, the Firm shall, within thirty (30) days repay to Defendant or Defendant's insurers, based upon written instructions provided by Defendant's Counsel, the full amount of the attorneys' fees and costs paid to the Firm from the Settlement Fund, including any accrued interest.

In the event the Final Settlement Order and Judgment are upheld, but the attorneys' fees, costs, and expenses awarded by the Court or any part of them are vacated, modified, reversed, or rendered void as a result of an appeal, the Firm shall within thirty (30) days repay to the Settlement Fund, based upon written instructions provided by the Settlement Administrator, the attorneys' fees and costs paid to the Firm from the Settlement Fund in the amount vacated or modified, including any accrued interest.

This Undertaking and all obligations set forth herein shall expire upon finality of all direct appeals of the Final Settlement Order and Judgment.

In the event the Firm fails to repay to Defendant or Defendant's insurer any of attorneys' fees and costs that are owed to it pursuant to this Undertaking, the Court shall, upon application of Hearst, and notice to the Firm, summarily issue orders, including but not limited to judgments

and attachment orders against the Firm, and may make appropriate findings for sanctions for contempt of court.

The undersigned stipulate, warrant, and represent that he has both actual and apparent authority to enter into this stipulation, agreement, and undertaking on behalf of the Firm.

This Undertaking may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Signatures by facsimile shall be as effective as original signatures.

The undersigned declare under penalty of perjury under the laws of the United States that they have read and understand the foregoing and that it is true and correct.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD:


DATED: July 11, 2018          BURSOR & FISHER, P.A.

                              By: Scott A. Bursor, on behalf of Bursor & Fisher, P.A.
                              Attorneys for Plaintiff Josephine James Edwards and Class
                              Counsel


DATED: _____, 2018       HEARST CORPORATION, OFFICE OF
                              GENERAL COUNSEL


                              By: Jonathan R. Donnellan
                              Attorneys for Defendant Hearst Communications, Inc.

3

and attachment orders against the Firm, and may make appropriate findings for sanctions for contempt of court.

The undersigned stipulate, warrant, and represent that he has both actual and apparent authority to enter into this stipulation, agreement, and undertaking on behalf of the Firm.

This Undertaking may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Signatures by facsimile shall be as effective as original signatures.

The undersigned declare under penalty of perjury under the laws of the United States that they have read and understand the foregoing and that it is true and correct.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD:

DATED: _____, 2018        BURSOR & FISHER, P.A.

                               _____
                               By: Scott A. Bursor, on behalf of Bursor & Fisher, P.A.
                               Attorneys for Plaintiff Josephine James Edwards and Class
                               Counsel

DATED: 7/12, 2018             HEARST CORPORATION, OFFICE OF
                               GENERAL COUNSEL

                               _____
                               By: Jonathan R. Donnellan
                               Attorneys for Defendant Hearst Communications, Inc.

3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JOSEPHINE JAMES EDWARDS, individually and
on behalf of all others similarly situated,

                     Plaintiff,

     v.

HEARST COMMUNICATIONS, INC.,

                     Defendant.

Civil Action No. 15-cv-09279-AT-JLC

---

## STIPULATION REGARDING UNDERTAKING RE: ATTORNEYS' FEES, COSTS, AND EXPENSES

Plaintiff Josephine James Edwards and Defendant Hearst Communications, Inc. ("Hearst") (collectively, "the Parties"), by and through and including their undersigned counsel, stipulate and agree as follows:

WHEREAS, Carey Rodriguez Milian Gonya, LLP (the "Firm") desires to give an undertaking (the "Undertaking") for repayment of its share of the award of attorneys' fees, costs, and expenses approved by the Court, and

WHEREAS, the Parties agree that this Undertaking is in the interests of all Parties and in service of judicial economy and efficiency.

NOW, THEREFORE, the undersigned counsel, on behalf of himself as individual and as agent for his law firm, hereby submits himself and his law firm to the jurisdiction of the Court for the purpose of enforcing the provisions of this Undertaking.

Capitalized terms used herein without definition have the meanings given to them in the Settlement Agreement.

By receiving any payments pursuant to the Settlement Agreement, the Firm and its shareholders, members, and/or partners submit to the jurisdiction of the United States District Court for the Southern District of New York for the enforcement of and any and all disputes relating to or arising out of the reimbursement obligation set forth herein and the Settlement Agreement.

In the event that the Final Settlement Order and Judgment or any part of it is vacated, overturned, reversed, or rendered void as a result of an appeal, or the Settlement Agreement is voided, rescinded, or otherwise terminated for any other reason, the Firm shall, within thirty (30) days repay to Defendant or Defendant's insurers, based upon written instructions provided by Defendant's Counsel, the full amount of the attorneys' fees and costs paid to the Firm from the Settlement Fund, including any accrued interest.

In the event the Final Settlement Order and Judgment are upheld, but the attorneys' fees, costs, and expenses awarded by the Court or any part of them are vacated, modified, reversed, or rendered void as a result of an appeal, the Firm shall within thirty (30) days repay to the Settlement Fund, based upon written instructions provided by the Settlement Administrator, the attorneys' fees and costs paid to the Firm from the Settlement Fund in the amount vacated or modified, including any accrued interest.

This Undertaking and all obligations set forth herein shall expire upon finality of all direct appeals of the Final Settlement Order and Judgment.

In the event the Firm fails to repay to Defendant or Defendant's insurer any of attorneys' fees and costs that are owed to it pursuant to this Undertaking, the Court shall, upon application of Hearst, and notice to the Firm, summarily issue orders, including but not limited to judgments

and attachment orders against the Firm, and may make appropriate findings for sanctions for contempt of court.

The undersigned stipulate, warrant, and represent that he has both actual and apparent authority to enter into this stipulation, agreement, and undertaking on behalf of the Firm.

This Undertaking may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Signatures by facsimile shall be as effective as original signatures.

The undersigned declare under penalty of perjury under the laws of the United States that they have read and understand the foregoing and that it is true and correct.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD:

DATED: _July 11_, 2018     CAREY RODRIGUEZ MILIAN GONYA, LLP

By: David P. Milian, on behalf of Carey Rodriguez Milian
Gonya, LLP
Attorneys for Plaintiff Josephine James Edwards and Class
Counsel

DATED: _____, 2018     HEARST CORPORATION, OFFICE OF
GENERAL COUNSEL

By: Jonathan R. Donnellan
Attorneys for Defendant Hearst Communications, Inc.

3

and attachment orders against the Firm, and may make appropriate findings for sanctions for contempt of court.

The undersigned stipulate, warrant, and represent that he has both actual and apparent authority to enter into this stipulation, agreement, and undertaking on behalf of the Firm.

This Undertaking may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Signatures by facsimile shall be as effective as original signatures.

The undersigned declare under penalty of perjury under the laws of the United States that they have read and understand the foregoing and that it is true and correct.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD:


DATED: _____, 2018          CAREY RODRIGUEZ MILIAN GONYA, LLP


                                  _____
                                  By: David P. Milian, on behalf of Carey Rodriguez Milian
                                  Gonya, LLP
                                  Attorneys for Plaintiff Josephine James Edwards and Class
                                  Counsel


DATED: __7/12__, 2018             HEARST CORPORATION, OFFICE OF
                                  GENERAL COUNSEL

                                  _____
                                  By: Jonathan R. Donnellan
                                  Attorneys for Defendant Hearst Communications, Inc.